IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELLANOX TECHNOLOGIES, INC. and MELLANOX TECHNOLOGIES, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> INFINITE DATA LLC, <br><br> Defendant. | ) ) ) ) ) ) C.A. No. _____ ) ) ) **DEMAND FOR JURY TRIAL** ) ) ) |

## COMPLAINT

Plaintiffs Mellanox Technologies, Inc. and Mellanox Technologies, Ltd. file this complaint for declaratory relief against Infinite Data LLC and state:

## THE PARTIES

1. Plaintiff Mellanox Technologies, Inc. is a California corporation with its principal place of business at 350 Oakmead Parkway, Suite 100, Sunnyvale, CA 94085, and Plaintiff Mellanox Technologies, Ltd. is an Israeli company with its principal place of business at Beit Mellanox, Yokneam 2069200 Israel (collectively "Mellanox"). Mellanox develops, markets, and sells InfiniBand compliant network products.

2. Defendant Infinite Data LLC ("Infinite Data") is a limited liability company organized under the laws of Delaware with a registered agent address at Incorp Services, Inc., 1201 Orange Street, Suite 600, One Commerce Center, Wilmington, Delaware.

3. Infinite Data is the alleged exclusive licensee of U.S. Patent No. 5,790,530 ("the 530 Patent"), issued on August 4, 1998, to the Electronics and Telecommunications Research Institute, and entitled "Message-passing multiprocessor system." A copy of the 530 Patent is attached hereto as Exhibit A.

## NATURE OF THE ACTION

4. Mellanox seeks a declaratory judgment that Mellanox InfiniBand products do not infringe the 530 Patent and that the 530 Patent is invalid.

5. Infinite Data has filed numerous patent infringement lawsuits against the users of Mellanox's InfiniBand products, asserting that the use of these products infringes the 530 Patent. These lawsuits have cast an improper cloud over the Mellanox InfiniBand products.

6. Mellanox brings this case to defend itself and its products and to protect its customers.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

8. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1338(a) and 1391(b).

9. By incorporating in Delaware and by filing numerous patent infringement suits related to the 530 Patent in this District, Infinite Data is subject to personal jurisdiction in this District.

## BACKGROUND

10. Between November 30, 2012, and February 19, 2013, Infinite Data filed 26 Complaints in the U.S. District Court for the District of Delaware alleging among other things, that numerous Mellanox customers are infringing the 530 Patent, at least in part due to their use of InfiniBand network systems.

11. Twenty-three of these cases are still pending: C.A. Nos. 13-251-RGA; 13-252-RGA; 13-253-RGA; 13-254-RGA; 13-255-RGA; 13-256-RGA; 13-257-RGA;

13-258-RGA; 13-259-RGA; 13-260-RGA; 13-261-RGA; 13-262-RGA; 13-263-RGA; 13-264-RGA; 13-265-RGA; 13-266-RGA; 13-267-RGA; 12-1638-RGA; 12-1616-RGA; 12-1617-RGA; 12-1618-RGA; 12-1622-RGA; and 12-1623-RGA.

12. In each of its complaints in these 26 actions, Infinite Data has not accused specified products and services, but rather has alleged that the accused products include "networked computer systems operating according to the InfiniBand specification." *See, e.g.,* C.A. No. 12-1618-RGA, at D.I. 1, Complaint, ¶ 8.

13. Mellanox is the world's leading supplier of InfiniBand products, and many of the defendants in these cases use InfiniBand products supplied by Mellanox. To date, it has been determined that at least 11 users of Mellanox InfiniBand products have been named as defendants by Infinite Data in these cases.

14. It is unclear exactly which InfiniBand products Infinite Data alleges infringe the 530 Patent because Infinite Data did not identify any specific InfiniBand products or components in its complaints. Despite this lack of clarity, at least some of Mellanox's InfiniBand products are likely the target of Infinite Data's infringement suits, including but not limited to Mellanox products used by Defendants eBay, PayPal, Amazon, Clorox, Pratt & Whitney and AOL. Moreover, Mellanox has received requests for indemnification from many customer defendants.

15. Based on the foregoing facts, a justiciable controversy has arisen and exists between Infinite Data and Mellanox concerning infringement of the 530 Patent by Mellanox's InfiniBand products.

16. A declaration of rights is necessary and appropriate to avoid a multiplicity of suits and to declare and state the rights of the parties in a manner that avoids irreparable injury

to Mellanox for which there is no adequate remedy at law and which resolves the disputes in a manner consistent with equity.

### DECLARATORY JUDGMENT COUNT I
### NON-INFRINGEMENT OF U.S. PATENT NO. 5,790,530

17. The allegations contained in the above paragraphs are repeated and realleged as if fully set forth herein.

18. Mellanox's InfiniBand products do not infringe and have not infringed the 530 Patent, either directly, by way of inducement or contributorily, or under the doctrine of equivalents. This includes at least Claim 5, which is the only claim referenced by Infinite Data in its Complaints against the InfiniBand products used by Mellanox customers.

19. By virtue of the foregoing, there is a justiciable controversy between Mellanox and Infinite Data as to Mellanox's right to make, sell, import, or use its InfiniBand products.

20. Mellanox is entitled to a declaratory judgment that it is not infringing and has not infringed the 530 Patent.

### DECLARATORY JUDGMENT COUNT II
### INVALIDITY OF U.S. PATENT NO. 5,790,530

21. The allegations contained in the above paragraphs are repeated and realleged as if fully set forth herein.

22. At least claim 5 of the 530 Patent is invalid for lack of novelty as defined in 35 U.S.C. § 102 in light of certain prior art references, including but not limited to U.S. Patent Nos. 5,592,622 and 4,228,496.

23. The 530 Patent is also invalid under 35 U.S.C. § 103 in light of the above prior art references, because the differences between the subject matter sought to be patented and

the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

24. The 530 Patent is also invalid for failure to satisfy the requirements of 35 U.S.C. § 112 at least for failing to clearly link corresponding structure in the specification to the means-plus-function elements in the claims.

25. By virtue of the foregoing, there is a justiciable controversy between Mellanox and Infinite Data as to the validity of the 530 Patent, and as to Mellanox's right to make, sell, import, or use its InfiniBand products.

26. Mellanox is entitled to a declaratory judgment that the 530 Patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Mellanox requests judgment as follows:

(a) declaring that Mellanox and its customers are not infringing and have not infringed the 530 Patent;

(b) declaring the 530 Patent invalid;

(c) declaring that this is an exceptional case;

(d) awarding to Mellanox its costs and attorneys' fees for this action;

(e) enjoining Infinite Data from asserting or threatening to assert the 530 Patent against Mellanox, its customers, or any users of Mellanox's InfiniBand products; and

(f) awarding to Mellanox such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Mellanox hereby requests a trial by jury as to all issues in this lawsuit so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs Mellanox Technologies, Inc. and Mellanox Technologies, Ltd.*

OF COUNSEL:

Louis A. Karaski
Rachel M. Capoccia
ALSTON & BIRD LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-3004
(213) 576-1000

Scott J. Pivnick
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
(202) 239-3300

Ryan W. Koppelman
ALSTON & BIRD LLP
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
(650) 838-2000

May 21, 2013
7218300.1